UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

L.V.C, JR. (XXX-XX-9621)                    CIVIL ACTION NO. 11-cv-1947

VERSUS                                      JUDGE FOOTE

U.S. COMMISSIONER, SOCIAL                   MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

**Introduction**

Plaintiff was born in 1970, has a high school education, and has past work experience as a carpenter, house mover, and logger.  He had surgery in 2003 to repair a dislocated and fractured right shoulder.  He applied for disability benefits in 2005 and asserted that he became disabled in 2003 due to the limitations of his shoulder and other health problems.  An ALJ found that Plaintiff was disabled from May 2003 through July 2006, but not afterward.  The Appeals Council vacated and remanded.

ALJ Larry J. Butler, who did not conduct the first hearing, inherited the case and held a second hearing.  He found that Plaintiff had a residual functional capacity ("RFC") that was both more and less limiting, in different respects, than the RFC found by the first ALJ.  ALJ Butler looked to the testimony of a vocational expert ("VE") who testified at the first hearing and determined, at step five of the sequential analysis, that Plaintiff was not disabled because he could perform the jobs of gate guard and laundry sorter.

Plaintiff argued to the Appeals Council that there was not substantial evidence to support the ALJ's decision because the VE at the first hearing was asked questions about a person with an RFC different from the RFC assessed by ALJ Butler.  Tr. 439-40.  The Appeals Council denied the request for review without specifically addressing the issue.  Tr. 5-7.  Plaintiff filed this civil action to seek judicial review.  For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

ALJ Butler found that Plaintiff suffered from the following severe impairments: asthma, status post fracture dislocation and surgical repair of right shoulder, osteoarthritis of the right shoulder, and obesity.  He then found that Plaintiff had the RFC to perform a wide

range of light work[1], limited to only occasional (from very little to one-third of the work day) postural actions (such as climbing, balancing, kneeling, crouching, crawling, and stooping), and reduced by the requirement that he avoid frequent (from one-third to two-thirds of the time) repetitive pushing/pulling away from the body and overhead reaching with his right arm, and with no more than occasional temperature (hot or cold) and humidity extremes. Tr. 18-19.

The ALJ found that this did not allow Plaintiff to perform his past work, which was all classified as heavy or medium. He then turned to the fifth step of the analysis, which asks whether the claimant is capable of performing the demands of other jobs that exist in significant numbers. The Commissioner has the burden on this fifth step. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

Testimony from a VE may provide substantial evidence with respect to the inquiries at step five, but reversal may be required if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).  See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).  Bolling's references to "disabilities" are better read as referring to limitations, as disability is the ultimate issue.

ALJ Butler began the step-five analysis by correctly observing that the Agency's burden could not be satisfied by the Medical-Vocational Guidelines because Plaintiff could not perform substantially all of the requirements of light work. See  Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987) (explaining use of the Guidelines).   He then turned to the testimony of VE Charles Smith from the first hearing in 2006.  The ALJ wrote that the VE was asked whether jobs existed for an individual with Plaintiff's RFC and other factors, and the VE identified the jobs of gate guard and laundry sorter, which he testified could both be performed using only one hand.  Tr. 24-25.

The VE's testimony at the first hearing does not, however, include a question that presented the precise RFC found by ALJ Butler in the most recent decision.  The VE was first asked to assume a person who could perform medium work, occasionally grasp with the right hand, and occasionally be exposed to temperature and humidity changes.  He answered that there would not be medium level jobs available to such a person because the jobs that might otherwise fit required the ability to grasp with both hands.  He then offered that the

person could perhaps perform the job of gate guard, which is light physical demand. Tr. 466-68.

The ALJ then posed a second hypothetical.  He asked the VE to assume the person could perform no greater than light work, but with the same limitations previously stated. The VE answered that the gate guard position would still be available. He added that the person could also perform the position of sorter for laundry articles.  Tr. 468-69.

The ALJ then posed a third hypothetical that asked the VE to assume the person could perform light work, but is not able to grasp with the right hand or use the right hand to lift anything, is unable to reach overhead and must occasionally avoid temperature and humidity changes.  The VE answered that the gate guard and sorter jobs would still be available.  Tr. 469-70.

Finally, the ALJ asked the VE to assume a person with the same limitations and who had to take four breaks per day (as Plaintiff claimed he needed).  The VE answered that there would be no jobs available to that person.  Counsel for Plaintiff conducted a brief cross-examination, during which the VE said that a person who needed the four breaks would also be unable to perform any sedentary jobs.  The VE also said that a person could perform the sorter job with one hand because a buggy on rollers would be used to bring items to the table and then take them away.  Tr. 470-71.

ALJ Butler found in the most recent decision that Plaintiff must avoid frequent, repetitive pushing/pulling and overhead reaching with his right arm.  The most limited hypothetical posed to the VE asked him to assume that the person could not grasp or lift with the right hand, and was unable to reach overhead.  That is more limiting than found by ALJ

Butler in some respects, but it does not address ALJ Butler's assessment that the person must avoid frequent pushing or pulling with the right arm.  The Commissioner responds that any differences in this regard are harmless because the VE testified that a person could perform both of the identified jobs using only one arm.  That appears to be correct.

ALJ Butler found in the decision at issue that Plaintiff could only occasionally perform postural actions such as climbing (but never ladders, ropes, or scaffolds), balancing, kneeling, crouching, crawling, and stooping.  The questions posed to the VE at the first hearing did not include any such postural limitations.  The Commissioner responds that the omission is harmless because the descriptions of those jobs in the Dictionary of Occupational Titles (DOT) indicate that they do not generally require postural activities beyond what is permitted by the RFC.

The DOT codes used in the ALJ's decision (Tr. 24) do not match the jobs.  The parties agree in their briefs that the proper code for gate guard is 372.667-030.  The DOT entry for the job says with respect to climbing, balancing, and the other postural activities: "Not Present - Activity or condition does not exist."  DOT code 361.687-014 for the job of classifier, also known as sorter, contains the same indication for the postural activities except for stooping, for which it states: "Occasionally - Exists up to 1/3 of the time."  That is consistent with the RFC assessed by ALJ Butler.

The Commissioner has demonstrated that the hypotheticals asked at the first hearing reasonably incorporated the relevant limitations recognized by ALJ Butler after the second hearing.  The RFC and the hypothetical questions do not match exactly, but the absence of

postural and precise right-arm limitations from the hypotheticals do not prevent them from providing substantial evidence when (1) the VE testified that the jobs could be performed with one arm and (2) the DOT shows that the jobs identified do not require postural activity beyond what the RFC would allow.

The court should not vacate a decision based on a procedural flaw unless the substantial rights of a party have been affected. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ( "Procedural perfection in administrative proceedings is not required."); and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).  Magistrate Judge Hayes recently applied the harmless error standard in a similar situation where postural limitations included in the RFC were not included in the hypotheticals, but the DOT showed that the postural limitations did not preclude the ability to perform the identified jobs.  Downs v. Astrue, 2012 WL 3198564 n.9 (W.D. La. 2012).  The result should be the same in this case.

Part of the Commissioner's argument in its memorandum was that Plaintiff's counsel had an opportunity at the (first) hearing to cross-examine the VE concerning the degree to which postural and right-arm limitations might erode the occupational base.  Plaintiff countered in his reply memorandum that cross-examination at the first hearing focused on the number of breaks per day Plaintiff would need and was not concerned with postural and right-arm limitations.  Bolling, quoted above, requires that the claimant be afforded the opportunity to correct deficiencies in the ALJ's question by mentioning to the VE "additional

disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question." <u>Bolling</u>, 36 F.3d at 436.  Plaintiff had an opportunity to cross-examine the VE at the first hearing about the postural limitations and any other limitations he thought might be supported by the evidence, whether or not such limitations had even been discussed by the ALJ at the hearing. Plaintiff has not articulated any questions that might have been asked on cross-examination that would have a likelihood of changing the result, especially given the DOT provisions that Plaintiff's postural limitations would not prevent him from performing the identified jobs.

It certainly would have been preferable if ALJ Butler had asked a VE, either at the second hearing or by interrogatories, to assume the precise RFC he found after the second hearing, and allowed Plaintiff an opportunity for cross-examination.  He chose another route that was less than procedurally perfect but, after a review of the record, did not lead to any prejudicial error that would deprive the Commissioner's decision of substantial evidence or otherwise require reversal.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of February, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE